IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DAVID LYNN HATFIELD,** ) | |
| ) | |
| **Petitioner,** ) | |
| v.  ) | **Civil Action No. 5:08-01178** |
| ) | CRIMINAL ACTION NO. 5:02-00219 |
| **T.R. CRAIG, Warden,** ) | CIVIL ACTION NO. 5:10-0128 |
| **F.C.I. Beckley,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

Pending before the Court is Petitioner's "Application Under 28 U.S.C. § 2243 for Writ of Habeas Corpus." (Document No.1.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "[Petitioner] is actually innocent of 18 U.S.C. § 924 as charged in the Indictment;" (2) "[Petitioner's] speedy trial rights, 18 U.S.C. § 3161, was violated and the case should be dismissed with prejudice;" (3) "Once State case was removed by the government the greater protection provided under the Fourth Amendment of the West Virginia Constitution should have been applied to [Petitioner's] case;" and (4) "[Petitioner] objects to specific offense characteristics used to enhance his sentence." (Id.)

On June 2, 2009, Petitioner filed a Motion to Amend requesting "the Court to amend his current Application for Writ of Habeas Corpus Under 28 U.S.C. § 2243, submitted 10/9/2008, and re-characterize it as a Section 2241 Motion." (Document No. 5.) As grounds for *habeas* relief in his Amended Motion, Petitioner alleges as follows: (1) Ineffective assistance of counsel; (2) Wrongful imprisonment; (3) Illegal search and seizure; (4) Gun enhancement improperly calculated; (5) Criminal history improperly calculated; and (6) Conviction invalid based upon State v. Mullens, 221 W.Va. 70, 650 S.E.2d. 169 (2007). (Id., pp. 1 - 5.) Therefore, Petitioner requests that the Court "grant

relief sought in the foregoing writ of habeas corpus and issue an order overturning this conviction and whatever other relief the court may deem just and proper." (Id., p. 6.) By separate Order entered this day, the Court has granted Petitioner's Motion to Amend.

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255

motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner's claims challenging his conviction and sentence are properly matters for consideration under Section 2255, not Section 2241. With the exception of Petitioner's wrongful imprisonment claim (Document No. 5, p.2.), Petitioner essentially contends that his conviction and sentence are invalid. Specifically, Petitioner states that his conviction and sentence should be overturned because (1) "[Petitioner] is actually innocent of 18 U.S.C. § 924 as charged in the Indictment;" (2) "[Petitioner's] speedy trial rights, 18 U.S.C. § 3161, was violated and case should be dismissed with prejudice;" (3) "Once State case was removed by the government the greater protection provided under the Fourth Amendment of the West Virginia Constitution should have been applied to [Petitioner's] case;" (4) "[Petitioner] objects to specific offense characteristics used to enhance his sentence;" (5) Ineffective assistance of counsel; (6) Illegal search and seizure; (7) Gun enhancement improperly calculated; (8) Criminal history improperly calculated; and (9) Conviction invalid based upon State v. Mullens, 221 W.Va. 70, 650 S.E.2d. 169 (2007). Thus, Petitioner's above claims clearly falls within the scope of Section 2255 and beyond that properly contemplated under Section 2241. In view of his above claims, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was "inadequate or ineffective" such that he should be entitled to resort to Section 2241. Petitioner's above claims must therefore be considered under Section 2255. See Williams v. Felts, 2008 WL 2324607 (S.D.W.Va.)(District Judge Johnston). The undersigned therefore finds that with the exception of Petitioner's wrongful imprisonment claim as asserted in his Amended Petition (Document No. 5, p.2.), Petitioner's Petition and Amended Petition (Document Nos. 1 and 5.) should be construed as a Section 2255 Motion. Accordingly, it is hereby **ORDERED** that the Clerk open a new file indicating Mr. Hatfield as the Movant and the cause as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case and include a copy of Document Nos. 1 and 5. The undersigned

notes that the instant case will remain open as to Petitioner's wrongful imprisonment claim[1] as set forth in his Amended Petition (Document No. 5, p. 2.), which is properly asserted under Section 2241 and will be addressed by the Court in a separate Order.[2]

The Clerk is directed to send a copy of this Order to Petitioner, who is acting *pro se*.

ENTER: February 8, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

[1] In support of his wrongful imprisonment claim, Petitioner states as follows: "Movant lost 10 months earned good time credit and eligibility for 6 months half-way house due to the speed of appellate court remanding, and District Court dismissing Count Thirteen of the Indictment, 18 U.S.C. § 924(c). Defendant was incarcerated 78 months upon release." (Document No. 5, p. 2.)

[2] The Bureau of Prisons' Inmate Locator indicates that Defendant was released from custody on November 21, 2008. Defendant is currently serving his term of supervised release.