IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID LYNN HATFIELD,

        Movant,

v.                                                  CIVIL ACTION NO.  5:10-cv-00128

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

On February 8, 2010, Movant David Lynn Hatfield, acting *pro se,* filed a motion which he titled "Application under 28 U.S.C. § 2243 for writ of habeas corpus."  (ECF 261.)  The Court later construed this document as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   [ECF 262.]   By Standing Order entered August 1, 2006, and filed in this case on February 8, 2010, this case was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").   On September 29, 2011, Magistrate Judge VanDervort issued a PF&R recommending that the Court deny Hatfield's motion (ECF 274).  Two months later, on November 24, 2011, Mr. Hatfield's term of supervised release expired.  On January 2012, Mr. Hatfield filed a motion to extend the filing deadline for objections [ECF 280].

"A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir.1999). A movant's § 2255 remains viable while he is serving a term of supervised release. *Smith v. United States*, No. 1:08-cr-01288, 2009 WL 2213480, *1 (S.D. W. Va. July 23, 2009) (Goodwin, C.J.). When, however, a term of supervised release expires or is terminated, a § 2255 movant's claims must be dismissed because they are rendered moot by virtue of his release from custody and the absence of any collateral consequences. *Hurt v. United States*, No. 1:02-cr-0955, 2009 WL 36491, *3 (S.D. W. Va. Jan. 5, 2009) (Faber, J.).

On November 24, 2011, Mr. Hatfield's term of supervised release expired. Consequently, his interest in this case and his need for the relief he requested are now moot. Accordingly, the Court **DENIES AS MOOT** Mr. Hatfield's motion to extend the filing deadline for objections [ECF 280], **DENIES AS MOOT** his § 2255 motion [ECF 262], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 4, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE